Melissa S. Hayward
  Texas Bar No. 24044908
 MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel./fax*)

**PROPOSED COUNSEL FOR THE DEBTOR**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**GALLERIA 2425 OWNER LLC,**<br><br>      **Debtor.** | **Case No. 23-60036**<br>**Chapter 11** |

### DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE USAGE OF CASH COLLATERAL

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.

Emergency Relief is requested by July 13, 2023.

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Galleria 2425 Owner LLC (the "Debtor"), debtor-in-possession in the above-captioned bankruptcy case, and files this *Debtor's Motion Interim and Final Orders Authorizing It to Use Cash Collateral* (the "Motion"), in support of which the Debtor would respectfully show as follows:

## I.     JURISDICTION AND VENUE

1. The Court has jurisdiction of this Motion under 28 U.S.C. § 1334, and this Motion constitutes a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

## II.     BACKGROUND

2. The Debtor commenced the case on July 5, 2023 (the "Petition Date") by filing a petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor continues to operate its business as debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. The Court has not appointed a trustee or examiner in this case.

4. The Debtor's primary asset is a Class A office building located at 2425 West Loop South, Houston, Texas 77027(the "Property"). The Property is fully covered by commercial property and liability insurance.

5. As of the Petition Date, the Debtor was allegedly indebted to National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") pursuant to a loan made to the Debtor by NBK (the "Loan"). The Loan is evidenced by, *inter alia*: (i) a *Loan Agreement* by and between the Debtor and NBK dated May 23, 2018; (ii) a *Promissory Note* dated May 23, 2018 made by the Debtor in the original principal amount of $60,212,816.90 in favor of NBK; and (iii) that certain *Deed of*

*Trust, Assignment of Leases and Rents and Profits, Security Agreement and Fixture Filing* dated May 23, 2018, by and between the Debtor and NBK (collectively, the "Loan Documents"). The Loan is allegedly secured by various instruments, including a deed of trust and UCC-1 financing statements, which were allegedly filed of record in appropriate jurisdictions. Collateral for the Loan includes, *inter alia*, the Property and rents received from the operation of the Property.

6. The Debtor's only source of operating funds is generated by the operation of the Property, specifically, rental and other income from tenants at the Property collected by or for the benefit of the Debtor.

7. By virtue of the Loan Documents referenced above, NBK asserts a first lien priority on the Debtor's assets, including the rents received from tenants of the Property, which constitute cash collateral pursuant to Section 363(a) of the Bankruptcy Code.

8. The Debtor requires the use of NBK's cash collateral to continue the operation of the Property and will suffer irreparable and immediate harm if it is not granted the relief requested herein.  An immediate and critical need exists for the Debtor to obtain funds in order to continue operating the Property, and without such funds, the Debtor will not be able to pay its direct operating expenses, maintain the Property, or obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate.  The Debtor's ability to use NBK's Cash Collateral is vital to the confidence of the Debtor's tenants, vendors, and suppliers of goods and services to the Property and to the preservation and maintenance of the going concern value of the Debtor's estate.

9. Pursuant to Section 363 of the Bankruptcy Code, the Debtor is requesting authority to use cash collateral to satisfy its normal and necessary operating expenses.  A budget reflecting the Debtor's projected monthly normal and necessary costs is attached hereto as Exhibit A (the

"Budget"). Absent the authority to use the amounts set forth in the budget, the Debtor will be unable to operate and maintain the Property and therefore successfully reorganize.

10. By this Motion, the Debtor requests (a) interim authority to use the cash collateral ("Cash Collateral") in accordance with the terms and conditions set forth herein, the proposed Budget, and the proposed Order (the "Interim Order"); (b) authority to use Cash Collateral on an interim basis; and (c) the granting of adequate protection to any secured creditor holding an interest in cash collateral pursuant to Sections 361 and 363 of the Bankruptcy Code.

### III.     ARGUMENT AND AUTHORITIES

11. Under section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). The Debtor requires the use of Cash Collateral to fund its day-to-day operations. Indeed, absent such relief, the Debtor's business will be brought to an immediate halt, with damaging consequences for the Debtor and its estate and creditors as well as the Property's tenants.

12. Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used . . . or proposed to be used . . . by [a debtor in possession], the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Section 361 of the Bankruptcy Code sets forth the forms of adequate protection which may be provided, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. What constitutes adequate protection must be decided on a case-by-case basis, though the Fifth Circuit has set forth certain criteria that should be considered, including "the value of the collateral . . . the likelihood that the collateral will depreciate or appreciate over time, whether insurance coverage is adequate, whether

property taxes are being paid, and the prospects for the successful reorganization of the debtor's affairs."[1] The main focus is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use.[2]

13. As adequate protection, the Debtor proposes to provide the following adequate protection to secured creditors to the extent of any diminution in the value of their respective collateral:

    a. superpriority claims, pursuant to sections 361(2), 363(c)(2), 364(d)(1), 503(b)(1), 507(a)(2) and 507(b) of the Bankruptcy Code with such superpriority claims to be senior to all other postpetition superpriority claims, subject to a carve-out for professional fees and fees owed to the United States Trustee as reflected in the budget; and

    b. replacement liens on all property now owned or hereafter acquired by the Debtor, with such liens to be subordinate only to the liens of any applicable taxing authority, and subject to a carve-out for professional fees and fees owed to the United States Trustee in accordance with the budget.

14. Any secured creditor's interest in cash collateral will be protected by the adequate protection set forth above, as the Debtor will continue to generate new accounts receivable and purchase new inventory in the ordinary course of their business.

---

[1] In re Mendoza, 111 F.3d 1264, 1272 (5th Cir. 1997); In re Las Torres Development L.L.C, 413 B.R. 687, 697 (Bankr. S.D. Tex. 2009); see also MNBank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393, 1396 (10th Cir. 1987); Martin v. U.S. (In re Martin), 761 F.2d 472 (8th Cir. 1985); In re Shaw Indus., Inc., 300 B.R. 861, 865 (Bankr. W.D. Pa. 2003).

[2] *See In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 554 (3d Cir. 1994) ("The whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy.") (internal citations omitted).

15. Under FED. R. BANKR. P. 4001, the Court may not enter a final order granting this Motion before 14 days after service of this Motion. The Debtor therefore requests that the Court enter an interim order authorizing the use of cash collateral under FED. R. BANKR. P. 4001(b)(2) as soon as possible, and then set this Motion for a final hearing.

## IV. PRAYER

WHEREFORE, CONSIDERING THE FOREGOING, the Debtor respectfully requests that the Court enter an order granting this Motion, authorizing the Debtor to use cash collateral on the terms set forth in this Motion, and granting the Debtor such other relief to which it is entitled.

Dated: July 11, 2023.

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Melissa S. Hayward*
   Melissa S. Hayward
   Texas Bar No. 24044908
   MHayward@HaywardFirm.com
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*telephone/facsimile*)

**PROPOSED COUNSEL FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the attached service list via U.S. mail and/or CM/ECF on July 11, 2023.

/s/ *Melissa S. Hayward*
Melissa S. Hayward